**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| Plaintiff, ) | No. 10-6161-M |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Jesus Ricardo Villanueva-Ojeda, ) | |
| ) | |
| Defendant. ) | |

Having considered the parties' Joint Motion to allow the government additional time under the Speedy Trial Act to file an indictment, the Court finds that the ends of justice served by granting the extension outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

In making this finding, the Court has considered each of the factors specified in 18 U.S.C. § 3161(h)(8)(B). In addition, the Court has considered the following:

1. Counsel has only recently been appointed;

2. The defendant wishes to consider the plea offer extended by the government;

3. The defendant wishes to investigate possible defenses prior to considering the government's plea offer, which is made pursuant to a "fast track" early disposition program authorized by the Department of Justice pursuant to § 401(m) of the Prosecuting Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. 108-21, 117 Stat. 650 (Apr. 30, 2003);

4. The government's plea offer, if accepted by the defendant and then the court, would likely reduce defendant's exposure to a significant term of imprisonment;

5. If the defendant does not timely accept the plea offer prior to indictment, the government will withdraw said plea offer and any subsequent plea offer after indictment would likely be less advantageous to the defendant;

6. Failure to extend time for indictment in this instance would thus operate to bar defendant from reviewing the government's plea offer in a meaningful way prior to indictment; and

7. Granting an extension of time for indictment in this case is likely to result in the case being resolved earlier, which would further the public's interest in the timely and efficient administration of justice; and

8. The ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy indictment.

The Court therefore concludes that the ends of justice are best served by granting an extension of time to present the case to the grand jury and in excluding a period of thirty (30) days under the Speedy Trial Act. In making this determination, the Court has particularly taken into account that the failure to grant the defendant's request "would deny counsel for the defendant. . .the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

**IT IS ORDERED** that the parties' Joint Motion to Extend Time to Indict (Doc. #7), requesting an extension of thirty (30) days within which the government may seek to indict defendant, is hereby granted.

**IT IS FURTHER ORDERED** that pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, the Government shall have an extension of thirty (30) days to file a timely Indictment. Excludable time shall begin to run on the 31st day after arrest for a period of thirty (30) days in which the government may present the case to the grand jury.

DATED this 9th day of April, 2010.



Michelle H. Burns
United States Magistrate Judge